STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0193

RONNIE ROY MARSHALL

VERSUS

MILTON MARSHALL AND FRM PROPERTIES, LLC

*Judgment Rendered:*     SEP 28 2023

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2021-10995, Division I

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * * * * *

Richard A. Richardson
Covington, Louisiana

Counsel for Defendant/Appellant
Milton Marshall

Jane L. Triola
Pearl River, Louisiana

Counsel for Plaintiff/Appellee
Ronnie Roy Marshall

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

This appeal arises from a judgment revoking an act of capital contribution executed by Milton Marshall. For the following reasons, we reverse the August 16, 2022 judgment.

## FACTS AND PROCEDURAL HISTORY

Prior to the institution of this action, Appellant, Milton Marshall, was one of two defendants in a suit filed by Appellee, Ronnie Roy Marshall.[1] Milton was aware of the existence of the previous lawsuit, but alleges that he did not know of any court dates. Milton further alleges that Ronnie informed him that he planned to drop his claims against Milton.[2]

On February 26, 2020, Ronnie's previous case against Milton came before the Slidell City Court in the Parish of St. Tammany for a confirmation of preliminary default. After considering the testimony of Ronnie and his witnesses, the exhibits, and the record, the court rendered judgment in favor of Ronnie and against Milton. The court ordered Milton to pay to Ronnie $25,389.94 for reimbursement of expenditures made by Ronnie and $4,500.00 for the value of Ronnie's uncompensated labor. The total award was $29,889.94 plus costs. A written judgment to that effect was signed on March 9, 2020.

On March 10, 2020, Milton's attorney, Richard Richardson, accepted service of a notice of judgment and a copy of the March 9, 2020 judgment on Milton's behalf. On the same date, Mr. Richardson organized FRM Properties, LLC ("FRM") naming Milton and Milton's daughter, Samantha Gifford, as members. Mr. Richardson is also FRM's registered agent.

Also on March 10, 2020, Milton executed an Act of Capital Contribution in which he transferred all of his rights to his personally-owned immovable properties

---

[1] The other defendant in the previous lawsuit filed by Ronnie was Charles Franklin, who is not involved in the matter before us.

[2] According to Milton, he and Ronnie were longtime friends.

2

in St. Tammany Parish to FRM. The Act of Capital Contribution specifically states that the transfer at issue is made unto FRM "through its Organizer, Richard A. Richardson." FRM was officially registered as an LLC by the Louisiana Secretary of State on March 11, 2020.

Per the Act of Capital Contribution, the transferred immovable properties appear to be made up of three parcels of land in St. Tammany Parish.[3] The parties stipulated that the transferred properties have a total fair market value of $1,154,500.00. The Act of Capital Contribution was recorded on March 10, 2020, the same date it was executed, as Instrument No. 2197890 in the land records of St. Tammany Parish.

On March 3, 2021, Ronnie filed a "Petition in Revocatory Action," against Milton and FRM wherein he alleged that Milton had transferred his immovable properties to FRM in order to prevent Ronnie from recording the March 9, 2020 judgment lien against those properties and to defeat Ronnie's rights as a judgment creditor. Ronnie sought to have the transfers declared null and to have the Act of Capital Contribution declared legally fraudulent and revoked. On March 31, 2021, Milton answered the petition denying the allegations and asserting that Ronnie had failed to state a cause of action against him.

A trial on the merits was heard on June 15, 2022. The trial court rendered judgment on August 2, 2022, finding that the Act of Capital Contribution was a purely gratuitous contract and revoking same. The August 2, 2022 judgment was vacated on August 16, 2022, due to a clerical error. The trial court signed an amended judgment on the same date.

In its written reasons for judgment, the trial court states that the transfer of Milton's immovable properties to the newly-formed FRM on the same date that he obtained a copy of the previous judgment against him was designed to obtain an

---

[3] The third parcel of land was jointly owned by Milton and Kelly Barber, Milton's business partner.

3

unjust advantage by preventing Ronnie from recording a valid judgment lien and mortgage in the public records of St. Tammany Parish. The trial court stated that the transfer increased Milton's insolvency by removing 100% ownership of the immovable properties from his own personal assets in exchange for "a supposed 50% interest in a newly-formed LLC" owned with his daughter. The trial court noted that Milton had executed two separate "Memorandum of Lease Agreements" on the same property, with no mention of FRM, in the year after FRM was formed. The trial court concluded that the transfer of ownership was a clear attempt to shield the property from being subject to the February 26, 2020 judgment obtained by Ronnie against Milton. Accordingly, the trial court found that the transfer was a purely gratuitous contract which may be revoked and declared the contract to be a nullity. Milton appealed.

## ASSIGNMENTS OF ERROR

Milton assigns the following as error:

(1) The trial court erred by finding the transfer of the immovable property as described in the Act of Capital Contribution was done to obtain an "unjust advantage" by Appellant "by preventing the plaintiff from recording a valid judgment lien and mortgage in the public records of St. Tammany Parish, Louisiana."

(2) The trial court erred by finding the Act of Capital Contribution was a "purely gratuitous contract."

(3) The trial court erred by finding the transfer as reflected in the Act of Contribution increased the insolvency of Appellant.

(4) The trial court erred by admitting trial Exhibits 8 and 9 offered by Appellee despite Appellant's timely objection of the same because of their irrelevance and because they expanded Appellee's pleadings.

(5) The trial court erred in relying upon the comments to La. Civ. Code art. 2039, and in particular that part which provides "regardless of the proportion of his assets to his liabilities," to support its findings.

(6) The trial court erred by finding the Act of Capital Contribution was "purely gratuitous" and thus "may be attacked and revoked by the plaintiff obligee and is therefore declared a nullity."

(7) The trial court erred by revoking the Act of Capital Contribution.

4

## STANDARD OF REVIEW

The standard of review for evidentiary rulings of a trial court is abuse of discretion. Questions of law are reviewed utilizing the *de novo* standard of review. *Chandler v. Cajun Ready Mix Concrete*, 2019-1650 (La. App. 1 Cir. 7/7/21), 328 So.3d 1189, 1193.

As a reviewing court, we may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. To reverse a fact finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. *In re D.D.D.*, 2006-2274 (La. App. 1 Cir. 5/4/07), 961 So.2d 1216, 1224, citing *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La. 1993).

## DISCUSSION

### Evidentiary Issues - Assignment of Error #4

If a trial court commits an evidentiary error that interdicts its factfinding process, this court must conduct a *de novo* review. Thus, any alleged evidentiary errors must be addressed first on appeal, inasmuch as a finding of error may affect the applicable standard of review. Accordingly, we first address the evidentiary challenges raised by Milton in Assignment of Error # 4. See *Spann v. Gerry Lane Enterprises, Inc.*, 2016-0793 (La. App. 1 Cir. 8/24/18), 256 So.3d 1016, 1022; see also *Penton v. City of Hammond Police Dep't*, 2007-2352 (La. App. 1 Cir. 5/2/08), 991 So.2d 91, 95.

In his fourth assignment of error, Milton argues that the trial court erred by admitting Exhibits 8 and 9 at trial despite his objections to same. Milton specifically alleges that Exhibits 8 and 9 are irrelevant and improperly expanded Ronnie's pleadings. Generally, the trial court is granted broad discretion in its evidentiary rulings and its determinations will not be disturbed on appeal absent a

5

clear abuse of that discretion. *Wright v. Bennett*, 2004-1944 (La. App. 1 Cir. 9/28/05), 924 So.2d 178, 183. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Ev. art. 401.

Exhibits 8 and 9 are memorandums of lease agreements relating to immovable property located in St. Tammany Parish. Both agreements are dated March 10, 2021 and include both Milton and Kelly Barber as lessors and landowners. Milton objected to both exhibits at trial.

In response, Ronnie pointed out that his petition alleged that the Act of Capital Contribution was executed in order to prevent Ronnie from recording a judgment against Milton's properties. Accordingly, Ronnie argued in his petition that the Act of Capital Contribution was legally fraudulent and should be revoked. Ronnie further explained at the hearing that the lease agreements in Exhibits 8 and 9 supported that argument, because those agreements are dated a year after the transfer at issue and were done in Milton's name as an individual, not in FRM's name. The trial court agreed with Ronnie and overruled the objections.

Considering the context, the exhibits at issue are clearly relevant to Ronnie's claims. The trial court did not abuse its discretion in overruling Milton's objections. This assignment of error lacks merit.

The Merits – Assignments of Error #1, #2, #3, #5, #6, and #7

In the above related assignments of error, Milton argues that the trial court erred in (1) finding that the Act of Capital Contribution increased Milton's insolvency; (2) relying upon the comments to La. Civ. Code art. 2039; (3) finding the Act of Capital Contribution to be purely gratuitous; and (4) revoking the Act of Capital Contribution.

6

An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency. La. Civ. Code art. 2036. An obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets. La. Civ. Code art. 2037.

In accordance with the clear language of La. Civ. Code art. 2036, in order for an obligee to annul an act of the obligor, he must show (1) an act (or failure to act) of the obligor that causes or increases the obligor's insolvency; and (2) the act must occur after the obligee's rights arose. Additionally, the jurisprudence requires that the obligee must prove prejudice, injury, or damage to the obligee as a result of the act. The test for determining prejudice or injury is factual, based on the value of the property and the ranking of the indebtedness. If preferred claims against the property exceed its value, the donation should not be revoked because it does not injure or prejudice an unsecured creditor. *Par. Nat. Bank v. Wilks*, 2004-1439 (La. App. 1 Cir. 8/3/05), 923 So.2d 8, 15-16.

Milton stipulated to and testified that the property transferred to FRM was worth over one million dollars. He further testified that he owns one-half of FRM. However, no evidence was presented regarding his personal assets or net worth.[4] Because we are unable to determine the total amount of Milton's liabilities or the total value of Milton's fairly appraised assets, we cannot determine whether Milton is insolvent. Without such evidence, we cannot ascertain whether the Act of Capital Contribution can be revoked pursuant to La. Civ. Code art. 2036, *et seq.*

Considering the foregoing, we find that no reasonable factual basis exists for the trial court's revocation of the Act of Capital Contribution. See In re D.D.D., 961 So.2d at 1224. We reverse the trial court's August 16, 2022 judgment.

---

[4] Milton testified that his sources of income are "disability, social security, and some rental properties that [he's] had," but no testimony was taken as to the actual amount of income he receives.

## DECREE

For the above and foregoing reasons, the trial court's judgment revoking the Act of Capital Contribution executed by Milton Marshall is reversed. Costs are assessed to Appellee, Ronnie Roy Marshall.

**REVERSED.**